IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN LUTZ, <br><br> Plaintiff, <br><br> v <br><br> PITTSBURGH REGIONAL TRANSIT, <br><br> Defendant. | 2:25-CV-00725-CCW |

## OPINION

Before the Court is Defendant Pittsburgh Regional Transit's ("PRT") Motion to Dismiss Count III of Plaintiff's First Amended Complaint (the "FAC"). ECF No. 22. For the reasons that follow, the Court will grant the Motion.

### I.   Background

This lawsuit arises of out Plaintiff Jonathan Lutz's work as a mechanic in PRT's maintenance department from June 2018 until April 2022. ECF No. 1 ¶¶ 10, 50. Mr. Lutz alleges that PRT discriminated against him on the basis of his religion and his disability in violation of Title VII of the Civil Rights Act of 1964, the First Amendment of the United States Constitution, and the Pennsylvania Human Rights Act (the "PHRA").[1] ECF No. 20 at 12–20.

Mr. Lutz filed suit against PRT on May 28, 2025. ECF No. 1. His original complaint did not include a PHRA claim. *Id.* On August 18, 2025, Mr. Lutz filed the operative FAC. ECF No. 20. PRT now moves to dismiss the PHRA claim contained at Count III of the FAC, arguing it is time-barred under the applicable statute of limitations. ECF No. 22. The Motion is ripe for resolution. ECF Nos. 23, 25, 27.

---

[1] This Court has jurisdiction over Mr. Lutz's Title VII and First Amendment Claims, which raise federal questions, pursuant to 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over Mr. Lutz's PHRA claim pursuant to 28 U.S.C. § 1367.

## II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level[,]" *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connolly*

*v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.").

"To prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense . . . a defendant must show that 'the defense is apparent on the face of the complaint and documents relied on in the complaint.'"  *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (quoting *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015)).  However, "in the Third Circuit, it is well settled that a court may consider administrative documents, such as a plaintiff's EEOC charges, and public records without converting the motion to dismiss to a motion for summary judgment." *Wormack v. Shinseki*, No. 2:09-CV-916, 2010 WL 2650430, at *1 n.1 (W.D. Pa. July 1, 2010) (Fischer, J.).

### III.    Legal Analysis

PRT argues that Mr. Lutz's PHRA claim is barred by the applicable statute of limitations, 43 Pa. Stat. § 962(c)(2), which requires a PHRA action to be brought within two years of the date of notice that the Pennsylvania Human Relations Commission (the "PHRC") has completed its investigation of the underlying complaint.  ECF No. 23 at 6–10; *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 475 (3d Cir. 2001) (noting that "any civil action" brought under the PHRA "must be filed within two years after notice from the PHRC that it is closing the complaint.").  The PHRC notice informing Mr. Lutz it was closing his case was dated February 2, 2023.  *See* ECF No. 22-1.  Therefore, PRT argues, Mr. Lutz's deadline for filing suit was February 2, 2025.  ECF No. 23 at 10.  Because Mr. Lutz first asserted his pending PHRA

3

claim in this lawsuit with the filing of his FAC on August 18, 2025, *see* ECF No. 20, PRT contends his PHRA claim is time-barred.[2]  ECF No. 23 at 10.

In response, Mr. Lutz argues that the filing of *Meinert, et al. v. PRT*, Civil Action No. 2:22-cv-01736, a putative class action filed in this Court on December 6, 2022, in which Mr. Lutz was a putative class member,[3] tolled the running of the statute of limitations for his PHRA claim.  ECF No. 25 at 2–6.  As support, Mr. Lutz invokes the United States Supreme Court's decision in *American Pipe & Const. Co. v Utah*, 414 U.S. 538 (1974), which held that the filing of a class action asserting federal claims tolls the running of the statute of limitations applicable to those claims while the class action is pending certification in the district court.  *See* 414 U.S. 538, 560–61.  Mr. Lutz also relies on 28 U.S.C. § 1367(d), which he asserts "addresses the issue of tolling state law claims during the pendency of federal litigation."  ECF No. 25 at 2–3.  PRT argues that both *American Pipe* and § 1367(d) are inapplicable and that Pennsylvania law controls whether *Meinert* tolled Mr. Lutz's PHRA claim.  ECF No. 23 at 8–10.  According to PRT, Pennsylvania law does not recognize "cross jurisdictional tolling," meaning Pennsylvania courts do not toll the statute of limitations for claims pending in a class action filed in the court of another state or in federal court.[4]  *Id.*  While Mr. Lutz acknowledges that Pennsylvania law governs the tolling of the statute of limitations for state law claims that federal courts adjudicate under diversity jurisdiction, 28 U.S.C. § 1331, he contends that federal law governs the tolling of state law claims that federal

---

[2] Mr. Lutz appears to agree that the relevant date for determining whether his PHRA claim is time-barred is the filing of the FAC on August 18, 2025, rather than the filing of his original complaint on May 28, 2025.  *See* ECF No. 25 at 6.

[3] The *Meinert* plaintiffs amended their pleadings to add a PHRA claim on August 11, 2023.  *See* Civil No. 2:22-cv-01736, ECF No. 32.  Thus, Mr. Lutz contends the statute of limitations applicable to his PHRA claim against PRT was tolled from August 11, 2023 until this Court denied the *Meinert* plaintiffs' motion for class certification on March 25, 2025.  *See* Civil No. 2:22-cv-01736, ECF No. 87.  If *Meinert* did toll the applicable two-year statute of limitations, Mr. Lutz's PHRA claim is timely.  Otherwise, Mr. Lutz's PHRA claim is time-barred.

[4] Mr. Lutz concedes that Pennsylvania does not recognize cross-jurisdictional tolling.  *See generally* ECF No. 25.

4

courts adjudicate under supplemental jurisdiction, 28 U.S.C. § 1367. ECF No. 25 at 3–5. Because this Court has jurisdiction over Mr. Lutz's PHRA claim pursuant to § 1367, Mr. Lutz argues federal law governs tolling of that claim. The Court disagrees. State law governs the tolling of state law claims asserted in federal court by virtue of the rule announced in *Erie v. Tompkins*, 304 U.S. 64, 78 (1938), under which federal courts must apply state law to "substantive" legal issues that arise when adjudicating state law claims. *See Jewelcor v. Karfunkel*, 517 F.3d 672, 676 (3d Cir. 2008) ("The District Court's conclusion [that federal law governs the tolling of state law claims asserted in federal court] is thus in tension with *Erie's* mandate that '[w]e cannot give [the cause of action] longer life in the federal court than it would have had in the state court[.]'" (quoting *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533–34 (1949))). Because tolling of the statute of limitations is a substantive, and not procedural, issue, federal courts must look to state law to decide whether the statute of limitations applicable to a particular state law claim has been tolled. *See Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state to diversity actions, and these include state statutes of limitations[.]") (citations omitted).

    Mr. Lutz argues this principle applies only when federal courts exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1331, but not when they do so pursuant to 28 U.S.C. § 1367. ECF No. 25 at 5. This is so, according to Mr. Lutz, because of 28 U.S.C. § 1367(d), which provides that, "[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." But § "1367(d) does not apply" to state law claims that are dismissed for "a reason not contained in subsections (a), (b), or (c) of Section 1367(d)." *Speedwell, LLC v. Town of Morristown*, No. 21-CV-18796, 2023 WL 2207588, at *6 (D.N.J. Feb. 24, 2023);

5

*see also Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1019 (C.D. Cal. 2011) ("Plaintiffs' argument fails because § 1367(d) applies only where, pursuant to § 1367(c), a federal court declines to exercise supplemental jurisdiction over state law claims after dismissing the federal claims" in the case."). 28 U.S.C. § 1367(d) simply does not apply to state law claims asserted in putative class actions that ultimately fail certification, like the PHRA claim asserted in *Meinert*.

Furthermore, "[t]he *Erie* doctrine applies equally whether a district court's jurisdiction is predicated on diversity or supplemental jurisdiction." *Grear v. U.S. Bank*, No. 1:21-CV-237-SPB, 2022 WL 4450400, at *3 (W.D. Pa. Sept. 23, 2022) (Baxter, J.); *see also Harris v. Midas*, No. CV 17-95, 2019 WL 5294266, at *1 (W.D. Pa. Oct. 18, 2019) (Bissoon, J.) ("Under Erie and its progeny, when a district court exercises diversity *or supplemental* jurisdiction, it must apply federal procedural law and state substantive law to those claims.") (emphasis added). State law thus governs the tolling of a state law claim asserted in federal court, regardless of whether the federal court exercises jurisdiction over that claim pursuant to 28 U.S.C. § 1331 or pursuant to 28 U.S.C. § 1367. Accordingly, this Court must look to Pennsylvania law to determine whether *Meinert* tolled the running of the statute of limitations for Mr. Lutz's PHRA claim.

Pennsylvania does not toll claims asserted in putative class actions filed outside the Pennsylvania state court system. *See Germinaro v. Fid. Nat. Title Ins. Co.*, 107 F. Supp. 3d 439, 457 (W.D. Pa. 2015) (Fischer, J.) ("Plaintiffs cannot claim the benefit of class tolling under *American Pipe* . . . because the Class Action in this case was initiated in California, and Pennsylvania does not recognize *American Pipe* tolling in cross-jurisdictional cases."); *Ravitch v. PriceWaterhouse*, 793 A.2d 939, 945 (Pa. Super. 2002) ("[W]e hold that the filing of a class action in another state does not toll the statute of limitations as to a subsequent action filed in

Pennsylvania's state court system."). Such claims are not tolled regardless of whether the claim was asserted in a class action which was filed in the court system of another state, or, like *Meinert*, in federal court. *See Hurley v. BMW of N. Am., LLC*, No. 18-5320, 2020 WL 1624861, at *9 (E.D. Pa. Apr. 2, 2020) (applying *Ravitch* to state law claim asserted in class action filed in federal court); *In re New England Mut. Life Ins. Co. Sales Practices Litg.*, No. 02–12083–REK, 2003 WL 25953191, at *8 (D. Mass. May 20, 2003) (same). Therefore, *Meinert* did not toll the running of the statute of limitations applicable to Mr. Lutz's PHRA claim.

The PHRA provides that "[a]n action under this subsection shall be filed within two years after the date of notice from the [Pennsylvania Human Relations] Commission closing the complaint." 43 Pa. Stat. § 962(c)(2). As mentioned, the PHRC notified Mr. Lutz that it was closing his complaint on February 2, 2023. ECF No. 22-1 at 2 (PHRC notice dated February 2, 2023); *see also Israel v. Insight Pipe Contracting, LP*, No. 12-1247, 2013 WL 2318852, at *5 (W.D. Pa. May 28, 2013) (Lenihan, M.J.) ("[A]dministrative filings, such as the record of the case before the EEOC, may be considered by the Court in ruling on a motion to dismiss."). Therefore, Mr. Lutz's deadline to bring a PHRA claim against PRT was February 2, 2025. Because Mr. Lutz did not file suit until May 28, 2025, his PHRA claim is time barred. PRT is thus entitled to dismissal of the PHRA claim contained at Count III in the FAC.

### IV. Conclusion

For the foregoing reasons, PRT's Motion, ECF No. 22, will be granted, as further set forth in the accompanying Order.

DATED this 19th day of February, 2026.

BY THE COURT:


<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record